**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., and DOMINION VOTING SYSTEMS CORPORATION, | ) ) ) ) | |
| | ) | C.A. No.: N21C-03-257 EMD |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| FOX NEWS NETWORK, LLC, | ) ) | |
| Defendant. | ) ) | |
| | ) | |
| US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., and DOMINION VOTING SYSTEMS CORPORATION, | ) ) ) ) | |
| | ) | C.A. No. N21C-11-082 EMD |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| FOX CORPORATION and FOX BROADCASTING COMPANY, LLC, | ) ) ) | |
| Defendants. | ) | |

**ORDER ON PUBLIC FIGURE STATUS**

The Court has reviewed Defendant's Brief on Plaintiffs' Public-Figure Status (the "FNN Opening Brief") filed on September 19, 2022 by Defendant and Counter-Plaintiff Fox News Network, LLC ("FNN"); Plaintiffs' Response to Defendant's Brief on Public-Figure Status ("Dominion's Response") filed on September 28, 2022 by Plaintiffs and Counter-Defendants US Dominion Inc., Dominion Voting Systems, Inc. and Dominion Voting Systems Corporation (collectively, "Dominion"); and Defendant's Reply in Support of Brief on Plaintiffs' Public-Figure Status (the "FNN Reply") filed on October 10, 2022 by FNN. The Court invited the

parties to brief this issue to clarify if Dominion is to be considered a "public figure" for purposes of these civil actions. After reviewing the FNN Opening Brief, the Dominion Response and the FNN Reply, the Court does not feel the answer is entirely clear. FNN argues that, under applicable law, Dominion is a public figure for purposes of Dominion's defamation claims. Dominion states that it agrees that the actual malice standard applies to its defamation claims against FNN (and given the consolidation of C.A. No. N21C-03-257 EMD and C.A. No. N21C-11-082 EMD, against Fox Corporation as well) but does not want the Court to specifically find that Dominion is a public figure.

"Absent clear evidence of general fame or notoriety in the community, and persuasive involvement in the affairs of society, an individual should not be deemed a public personality for all aspect of his life."[1] Dominion's success in creating voting technology and voting products is not enough to bring Dominion into the realm of a general-purpose public figure. Although Dominion is successful, Dominion was not a household name prior to 2020. Dominion's success in voting technology and voting products, without more, does not warrant a finding that Dominion is general-purpose public figure.

A limited-purpose public figure is an entity (or individual) that has voluntarily injected itself or is drawn into a particular public controversy with a view toward influencing it. "[T]he [individual becomes] a public figure by virtue of his purposeful activity amounting to a thrusting of his personality into the 'vortex' of an important public controversy"[2] The entity must attempt to have, or can be expected to have, a major impact on the resolution of a specific public dispute that has foreseeable and substantial ramifications for persons beyond its immediate participants.[3]

---

[1] *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 352 (1974)
[2] *Naantaanbuu v. Abernathy,* 816 F. Supp. 218, 222 (S.D. N.Y.1993)(internal quotation marks omitted).
[3] *Waldbaum v. Fairchild Publs, Inc.,* 627 F.2d 1287,1292 (D.C. Cir. 1980), *cert denied* 449 U.S. 898 (1980)(quoting Gertz, 418 U.S. at 345).

2

The Court notes that the parties stipulated that New York law applies in this case. Despite this, neither party set forth the legal standard for determining whether a party is a limited-purpose public figure under New York law.  New York employs a four-part test.  Under New York law, to determine whether a plaintiff is a limited-purpose public figure, the defendant must show that the plaintiff: "(1) successfully invited public attention to his views in an effort to influence others prior to the incident that is the subject of the litigation; (2) voluntarily injected himself into a public controversy related to the subject of the litigation; (3) assumed a position of prominence in the public controversy; and (4) maintained regular and continuing access to the media."[4]

FNN does not address this test in the FNN Opening Brief or in the FNN Reply. Moreover, FNN fails to provide facts that would support a finding that Dominion is a limited-purpose public figure under New York's four-part test.  Under Delaware law and United States Supreme Court precedent, a limited purpose public figure is one who "voluntarily injects himself or is drawn into a particular public controversy and thereby becomes a public figure for a limited range of issues."[5]  This standard would seem to make any person or entity that is reported on by the media a limited-purpose public figure.  Given the ever-expanding media world (newspapers, television, internet social media like Twitter, Instagram and podcast), the Court wonders how anyone would not meet the standard set out in *Gertz* once this media world addresses an event and there was any response by the allegedly defamed person or entity.  To the Court, New York law seems more nuanced.

---

[4] *Gottwald v. Sebert*, 148 N.Y.S.3d 37, 44 (N.Y. App. Div. 2021) (citing *Lerman v. Flynt Disrtib. Co., Inc.*, 745 F.2d 123, 136-37 (2d Cir. 1984)).
[5] *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 351 (1974); *Page v. Oath Inc.*, 270 A.3d 833, 843 (Del. 2022) (citing *Gertz*, 418 U.S. at 351).

Dominion does not administer elections. Dominion provides a product to be used in elections. It does not seem that Dominion's name was widely known until recently. However, there certainly was a public controversy over the 2020 election. Moreover, Dominion was "drawn into [that] particular controversy" and the nature and degree of Dominion's participation in that particular controversy giving rise to the claimed defamation is extensive. Under Delaware law and United States Supreme Court precedent, the Court would likely find that Dominion is a public figure for the limited purpose of the incident that is the subject of this litigation.

The parties seem to engage on every issue. Agreement is rare. The Court sees no reason to, on its own, create an issue when Dominion agrees that the actual malice standard applies. "Dominion does not contest application of the actual malice standard to its defamation claims against [FNN and Fox Corporation]." Accordingly, the Court will consider Dominion a public figure for the limited purposes of the defamation claims in these cases.

**IT IS SO ORDERED.**

Dated: January 27, 2023
Wilmington, Delaware

/s/ Eric M. Davis
Eric M. Davis, Judge

cc:     File&ServeXpress

4